UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO L. MANNING, #428613,

       Plaintiff,                       CIVIL ACTION NO. 09-13840

     v.                                 DISTRICT JUDGE GERALD E ROSEN

D. DOLCE, J. FERGUSON,           MAGISTRATE JUDGE MARK A. RANDON
G. HISSONG, LARRY MASON,
LEE McROBERTS, and
THOMAS BELL,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT (DKT. NO. 36)**

**I. INTRODUCTION**

Plaintiff Antonio Manning, a Michigan parolee[1] proceeding *pro se*, brought this 42 U.S.C. § 1983 action alleging that staff members at the Gus Harrison Correctional Facility ("ARF") violated the First and Eighth Amendments by failing to provide him meals that accommodated his religious beliefs and dietary restrictions. The defendants in this case are: ARF Food Services Leaders Dana Dolce and Julie Ferguson, Food Service Director Gregg Hissong, Deputy Warden Lee McRoberts, Warden Thomas Bell and Cooper Street Correctional Facility Food Service Director Lawrence Mason (collectively "Defendants"). Presently before the Court is Defendants' Second Motion for Summary Judgment. (Dkt. No. 36)[2] The matter was referred for a Report and Recommendation

---

[1] Plaintiff was incarcerated during the time his claims arose and his lawsuit was filed.

[2] Defendants' first motion for summary judgment argued that Plaintiff had failed to administratively exhaust his claims. The undersigned filed a Report and Recommendation to

pursuant to 28 U.S.C. § 636(b)(1)(B) and has been fully briefed. For the reasons set forth below, the undersigned finds that one missed meal and one arguably inadequate meal – over a three-day period – do not rise to the level of a violation of the Eighth Amendment as a matter of law, and qualified immunity bars Plaintiff's First Amendment claims against Defendants. Therefore, **IT IS RECOMMENDED** that Defendants' second motion for summary judgment be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

## II.  FACTS

### A.  Manning's complaint allegations

As alleged by Manning in his amended complaint, the salient facts are these: Manning is a Catholic. (Dkt. No. 15, ¶ 19) As a religious practice, he chooses not to eat meals containing meat on Fridays, Saturdays and Sundays.[3] (Dkt. No. 15, ¶ 19) Manning also has documented allergies to certain foods, including eggs, fish and soy. (Dkt. No. 30, Ex. Q) Generally, the non-meat (substitute) entrees provided by the prison on weekends do not affect Manning's allergies. (Dkt. No. 15, ¶ 20) Sometimes, however, the substitute entrees contain soy, or soy-based products.

On Saturday, August 21, 2009, Manning filed a grievance against the food services department at ARF regarding his food allergies, after being offered a substitute entree containing soy. (Dkt. No. 15, ¶ 12) His grievance sought an alternative "when the meatless entree[s] contained

---

deny Defendants' motion, which was subsequently adopted by Chief Judge Rosen.

[3]Pursuant to the Catholic Code of Canon Law brought out in 1983: "**Canon 1251** - abstinence from meat, or from some other food as determined by the Episcopal Conference, is to be observed on all <u>Fridays</u>, unless a solemnity should fall on a Friday.  Abstinence and fasting are to be observed on Ash Wednesday and Good Friday." The Canon makes no reference to abstaining from meat on Saturdays or Sundays. The U. S. Conference of Catholic Bishops allows the substitution of some other form of penance for abstinence on all of the Fridays of the year, except for those Fridays in Lent.

a substance he was allergic to." (Dkt. No. 15, ¶ 13) After the grievance was received at Step I, Manning was interviewed by ARF's then Assistant Director of Food Services, Lawrence Mason, and the following response was provided on September 1, 2009:

> Because of Prisoner documented allergy, if prisoner Manning is choosing the vegetarian option during a meal, and it contains soy, Prisoner will be provided another vegetarian option. Grievance resolved. (Dkt. No. 30, Ex. A)

On September 2, 2009, Manning accepted the proposed resolution and signed the grievance form indicating that the matter had been resolved at Step I.

On Friday, September 18, 2009, Manning requested a substitute for the ham and potato entree; however, the substitute meal contained soy. (Dkt. No. 15, ¶ 16) Manning presented his "Special Accommodation Notice" but was denied an alternative meal, by Defendants Ferguson and Dolce. (Dkt. No. 15, ¶ 17, 21) On Sunday, September 20, 2009, Manning again requested a substitute meal for the meat entree. (Dkt. No. 15, ¶ 31) This time, at the direction of Defendants Ferguson and Dolce, Manning was given a tray of lettuce, two tomatoes, a half cup of Jell-O, two pieces of cheese and two slices of bread. (Dkt. No. 15, ¶ 34, 35)

Manning alleges that due to this lack of continuous nutrition, he began to experience "*more fainting spells, headaches and chest* pains." (Emphasis in original) (Dkt. No. 15, ¶ 46). His lawsuit seeks a declaratory ruling that Defendants violated his constitutional rights, an injunction requiring Defendants to provide him with an alternative diet and $650,000 in compensatory damages and $76,000 in punitive damages.

**B. The MDOC's Policy regarding religious dietary accommodations**

With respect to religious dietary accommodation requests by inmates, MDOC Policy Directive 05.03.150, § SS ("the Policy") provides:

> A prisoner may eat from a religious menu only with approval of the CFA Special Activities Coordinator. Approval shall be granted only if it is necessary to the practice of the prisoner's designated religion. *To request approval, the prisoner must submit a written request to the Warden, TRV Manager, or designee,* as appropriate, who shall obtain information regarding the prisoner's request and religious beliefs prior to referring the request to the CFA Special Activities Coordinator. The CFA Special Activities Coordinator shall notify the Warden, TRV Manager, or designee, as appropriate, of the decision; the Warden or TRV Manager shall ensure that the prisoner is notified.  A  prisoner whose request is denied shall not be allowed to submit another request to eat from that religious menu for at least one year.

(Emphasis added). Plaintiff does not dispute that he failed to request approval to eat from a religious menu as required by the Policy. He also does not dispute that his grievance resolution dealt only with the need to accommodate his food allergies. (Dkt. No. 40, p. 5)  Instead, he contends that "[t]hey were fully aware of the religious aspect of the matter when they answered the Plaintiff's Step I Grievance filed on August 21, 2009." *Id*.

### III. ANALYSIS

#### A.  Standard of Review

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."  Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c)(2).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 547, 587 (1986); *see also B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d

587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. *Banks v. Wolfe County Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S. Ct. 1575, 1592 (1968)).

### B. Missing one meal completely and receiving one, arguably, inadequate meal over a three-day period does not rise to the level of an Eighth Amendment violation

The Eighth Amendment protects prisoners by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, isolated deprivations of meals to prisoners do not rise to the level of an Eighth Amendment violation where the daily meal or meals provided are sufficient to maintain normal health. *See Cunningham v. Jones*, 667 F2d 565 (6th Cir. 1982) (one meal per day – over a period of fifteen days – that provided sufficient nutrition to sustain normal health did not violate the Eighth Amendment); *Islam v. Jackson*, 782 F. Supp. 1111 (E.D. Va. 1992) (serving inmate a maggot- infested meal on one occasion and serving food under unsanitary conditions for 13 days not cruel and unusual punishment). *See also White v. Gregory,* 1 F.3d 267, 269 (4th Cir. 1993) (providing prisoners two meals a day on weekends and holidays,

even though three meals were served during the week does not rise to the level of an Eighth Amendment violation); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) ("Even on a regular, permanent basis, two meals a day may be adequate [under the Eighth Amendment]."); *Talib v. Gilley,* 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (A prisoner "missing a mere one out of every nine meals [50 meals over five months] is hardly more than that missed by many working citizens over the same period. We are therefore doubtful that Talib [the prisoner] was denied anything close to a minimal measure of life's necessities.").

Here, Plaintiff missed one complete meal over a three-day period – the other meal consisted of a tray of lettuce, two tomatoes, a half cup of Jell-O, two pieces of cheese and two slices of bread and was arguably inadequate. As a result, Plaintiff claims that Defendants were deliberately indifferent to his medical needs (food allergies) and that their conduct amounted to cruel and unusual punishment. Yet, Plaintiff does not allege that this was a common practice – or that he was denied an adequate breakfast or lunch on the two dates in question.[4] Instead, it appears that over the three-and-a-half month period, from September 1, 2009 (the date of Plaintiff's grievance resolution) until December 18, 2009 (the date Plaintiff signed his amended complaint which contained no additional allegations of meal denials), Plaintiff missed just two (2) out of about 327 meals, for lack of an accommodative substitute.[5] Thus, notwithstanding Plaintiff's allegations of negative health manifestations, the isolated denial of a meal or two does not rise to the level of an Eighth

---

[4] Indeed, Plaintiff acknowledges that, in general, the substitute meals comported with his allergies. (Dkt. No. 15, ¶ 20)

[5] 109 days x 3 meals per day.

Amendment violation. *Talib*, 138 F.3d at 214 n. 3 ("Whether the deprivation of food falls below this [Eighth Amendment] threshold depends on the amount and duration of the deprivation.").

### C.  Plaintiff's First Amendment claim is barred by qualified immunity

To prevail on his § 1983 - First Amendment claim, Plaintiff must show that Defendants deprived him of his First Amendment right to practice his religion. *See Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir.2008) ("In order to prevail on a civil rights claim under 42 U.S.C. § 1983, plaintiff must establish that a person acting under the color of state law deprived them of a right secured by the Constitution or laws of the United States."). As State of Michigan employees, however, Defendants are entitled to qualified immunity as long as their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See id.* (citation omitted).

In this case, only one of two scenarios exists with respect to the provision of meals at issue, both of which are fatal to Plaintiff's First Amendment claims. First, since it is undisputed that Plaintiff failed to request a religious dietary accommodation under the Policy *and* the grievance resolution dealt only with the need to accommodate his food allergies, Plaintiff has failed to establish that Defendants knew a religious accommodation was necessary to resolve his grievance and would, therefore, be implicated in denying him a substitute meal. Significantly, Plaintiff's own brief points out that "[u]nder Department of Corrections' own policy a prisoner can request a non-meat meal *for any reason*." (Dkt. No. 40, p. 5) (Emphasis added). Thus, Defendants are immune from liability because reasonable government officials would not have believed their conduct implicated Plaintiff's right to a religious meal accommodation under the First Amendment.

Second, to the extent Plaintiff maintains that Defendants somehow knew that he needed a religious accommodation (of a meatless entree on weekends), when Plaintiff requested an alternative to the meat entree, he was offered one. Thus, a religious accommodation was made, whether intentional or not. Therefore, there can be no First Amendment violation. The failure to accommodate, if any, was with respect to his food allergies, as the substitute meals contained soy. In any event, one of the purposes of qualified immunity is to provide government actors the freedom to perform their official duties without fear that even a slight misstep will trigger their financial ruin. *Wyatt v. Cole*, 504 U.S. 158, 167 (1992). As such, under either scenario Defendants' isolated failure to provide Plaintiff an adequate substitute meal on two occasions should be protected by immunity, and Plaintiff's First Amendment claims dismissed.[6]

### D. Plaintiff's request for injunctive and declaratory relief must be denied

In terms of relief, Plaintiff requests a declaratory ruling that Defendants violated his constitutional rights, as well as injunctive relief, requiring that he be provided proper meals and not be subjected to retaliatory actions. On or about March 30, 2010, Plaintiff provided notice that he had been transferred from ARF to the Bellamy Creek Correctional Facility in Ionia, Michigan. Plaintiff has since been released on parole status. Plaintiff's request for declaratory and injunctive relief against employees at ARF is moot, because he has been transferred to another correctional facility and/or is no longer incarcerated. *Kenseu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

---

[6] Defendants' other arguments – particularly the one addressing Plaintiff's failure to set forth the personal unconstitutional conduct of each Defendant (*see Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009)) – are also well taken and provide additional bases upon which to grant Plaintiff's motion. However, they need not be fully discussed herein as the foregoing analysis is dispositive of Plaintiff's claims.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the Defendants' motion for summary judgment (Dkt. No. 15) be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                         s/Mark A. Randon
                                         MARK A. RANDON
                                         UNITED STATES MAGISTRATE JUDGE

Dated: January 3, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, January 3, 2011, by electronic and/or first class U.S. mail.*

                                           *s/Melody R. Miles*
                                           *Case Manager to Magistrate Judge Mark A. Randon*

Copies mailed to:

> **Antonio Manning, #428613**
> *5805 Orchard Court, Apt #8*
> *Lansing, MI 48911-5217*